PER CURIAM.
In an action for declaratory and other relief Friedrich and Margarete Honsberg sought return of an earnest money deposit which they had paid to Richard Lystra toward the purchase of a mobile home. They appeal the final judgment which determined that they had breached the purchase and sale agreement and which permitted Lystra to retain a portion of the earnest money deposit on account of certain enumerated damages together with an additional amount resulting from the application of a theory of equitable distribution. We reverse that aspect of the final judgment which credited Lystra with $2,586.87 as an equitable distribution.
The parties entered into a contract for the purchase and sale of a mobile home on August 22, 1979. The agreement provided for a sales price of $28,000, of which $1,000 was to be paid to Lystra on execution, an additional $9,000 within six days thereafter, and the “remainder on closing when Honsberg house is sold.” It is undisputed that the Honsberg house was placed on the market and that it had not been sold at the time this action was commenced. The parties’ interpretation of the contract as it relates to these facts is divergent, but there is nothing in the agreement or on the record that would justify reversal of the trial court’s conclusion that the house could have been sold by November 25, 1979, thus establishing the date on which damages began .to accrue. The implied holding that sale of the house was not a necessary condition precedent to closing on the sale of the mobile home is sustainable under several alternative theories, and therefore will not be disturbed on appeal.
We come, then, to the issue of damages. The final judgment first concluded that the earnest money deposit constituted liquidated damages, noted that a provision for liquidated damages is “subject to the rule of conscionability” and proceeded to calculate the parties’ respective rights in the $10,000 deposit, applying those principles.
The agreement of the parties provided with respect to damages and the earnest money deposit:
5. Upon failure or the refusal of the purchaser to complete said purchase within 80 days of contract date, or an agreed extension therefor for any reason (other than cancellation on account of increase in price) the cash deposit may have such portion of it retained as will reimburse the dealer for expenses and other losses including attorney fees occasioned by purchaser’s failure to complete said purchase. In the event a used car, trailer or mobilehome has been taken in trade, the purchaser hereby authorizes the dealer to sell said property, at public or private sale, and to deduct from the proceeds thereof a sum equal to the expenses and losses incurred, or suffered, by the dealer by reason of purchaser’s failure to complete the transaction. Dealer shall have all the rights of a seller, upon breach of contract, under the Uniform Commercial Code 2-708, 2-710, 2-718, of the Uniform Sales Act (as applicable).
This is not a provision for liquidated damages. It is, in fact, exactly the opposite. Simply put, paragraph 5 says that the deposit shall constitute a fund securing to the seller the actual amount of damages he sustains by reason of buyers’ failure or refusal to complete the purchase. The trial court correctly determined that the amount of actual damages proven by the seller was $4,826.26, leaving a deposit balance of $5,173.74. Applying a theory of equitable distribution this amount was to be divided between the parties. The net result is that Lystra retains $7,413.13 and $2,586.87 is returned to the Honsbergs. Neither the parties’ agreement nor any statute to which our attention has been directed permits this result.
Appellants breached the purchase and sale agreement entitling appellee to retain from the earnest money deposit his actual damages in the amount of $4,826.26. The balance, $5,173.74, is to be refunded to appellants. The trial court is instructed to modify the final judgment to give effect to the foregoing determination. As so modified, the final judgment is affirmed.
*663 AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
DOWNEY, HERSEY and GLICKSTEIN, JJ., concur.